```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION

CYNTHIA RENEE MCKENZIE                                  PLAINTIFF

        v.              Civil No. 08-5019

LA BARGE, INC.                                          DEFENDANT
```

**O R D E R**

NOW on this the 16th day of June 2008, comes on for consideration Defendant's **Motion to Dismiss** (document #5) and Plaintiff's response thereto (document #6).  The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

1. On January 23, 2008, Plaintiff Cynthia Renee McKenzie (hereinafter "Plaintiff") commenced this action against Defendant La Barge, Inc. (hereinafter "Defendant"), seeking relief from Defendant's alleged violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and wrongful termination of Plaintiff.  Specifically, Plaintiff claims that after suffering from a serious back injury and requesting medical leave under FMLA, her employment with Defendant was wrongfully terminated in retaliation for requesting such leave.

2. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant now moves for the dismissal of Plaintiff's wrongful termination claim for failure to state a claim upon which relief can be granted.  Specifically, Defendant says that Plaintiff's

wrongful termination claim, which is based in Arkansas law, fails to identify any Arkansas statute or policy that was violated. Rather, Defendant argues that Plaintiff's wrongful termination claim is based on alleged violations of the FMLA – which is not a recognized cause of action under Arkansas law.  As such, Defendant says that Plaintiff fails to state a claim and that her wrongful termination cause of action should be dismissed accordingly.

In response, Plaintiff asserts that Defendant misreads her wrongful termination claim and points out that her complaint sets forth two theories in support of this claim, those being: (1) termination for exercising a statutory right and (2) termination in violation of public policy.  Plaintiff argues that Arkansas law clearly recognizes a cause of action for wrongful termination in cases where an employee is discharged for exercising a statutory right, such as a FMLA right.  Moreover, Plaintiff says that Arkansas law recognizes a cause of action for termination in violation of public policy where that policy is based in federal law.

3. A motion to dismiss under Rule 12(b)(6) should be granted only if the plaintiff can prove no set of facts entitling her to relief. See Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006).  This Court assumes as true all factual allegations set forth in the complaint. Quinn, 470 F.3d at 1244.  However, to avoid dismissal, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the

claim. Id.

In the instant case, accepting the allegations in the complaint as true, the Court cannot find that Plaintiff has failed to state a claim under Arkansas law for wrongful termination. As stated in Plaintiff's response, Plaintiff has clearly alleged that she was wrongfully discharged for exercising a statutory right. This theory of liability is recognized under Arkansas law. See Sterling Drug, Inc. v. Oxford, 743 S.W.2d 380 (Ark. 1988). Further, the Court cannot say, at this stage of the proceedings, that "it appears beyond doubt that [Plaintiff] can prove no set of facts in support of [her wrongful termination] claim that would demonstrate an entitlement to relief." Springdale Education Association v. Springdale School District, 133 F.3d 649, 651 (8th Cir. 1998). Accordingly, the Court finds that Defendant's Motion to Dismiss should be denied.

**IT IS THEREFORE ORDERED** that Defendants' **Motion to Dismiss** (document #5) is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE