IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CYNTHIA RENEE McKENZIE                                                              PLAINTIFF

V.                                    NO. 5:08-CV-05019-JLH

La BARGE, INC.                                                                       DEFENDANT

REPORT AND RECOMMENDATION

Before the court is the Defendants' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 12) and Brief (Doc. 13) filed July 29, 2008. A telephone conference was conducted on August 7, 2008. Kerrie Kobbeman and Todd Lewis appeared for the Defendant and Stephen Lisle appeared for the Plaintiff.

**Background**

The Plaintiff brought suit against the Defendant for an alleged violation of Section 102 of the Family and Medical Leave Act of 1993, (29 U.S.C. section 2615) and a pendent claim for wrongful termination under Arkansas state law. (Doc. 1) A settlement conference was conducted on July 9, 2008 and the parties reached a verbal settlement which was reduced to a written agreement (Doc. 13-2) on July 22, 2008. The settlement agreement provided "that the terms, amount and fact of this Agreement, as well as any information disclosed by LaBarge in the negotiations leading to this Agreement, shall remain completely confidential and shall not be disclosed by her, directly or indirectly, personally or by a third person, to anyone including, but not limited to, any past, present or future employee or any applicant for employment of LaBarge, any media person or entity, or any other employers". (Doc. 13-2, para 4) The Plaintiff was instructed at the settlement conference that she could not disclose any of the specifics concerning the settlement but could only disclose that the case had settled. (Doc. 13-1)

The Defendant alleges that the Plaintiff has breached the settlement agreement by disclosing the specific terms of the settlement to a co-worker and that this was done on the same day she returned from the settlement conference. (Doc. 13-3) The Defendant has petitioned the court for a temporary restraining order and preliminary injunction, for enforcement of the Settlement Agreement, for liquidated damages and for costs, interest and attorneys fees. (Doc. 12)

## Discussion

Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc. 640 F.2d 109, *113 (C.A.Mo., 1981)

During the telephone conference with the parties the Plaintiff denied violating the terms of the settlement agreement but had no objection to the entry of the preliminary injunction or a permanent injunction from further disclosing, divulging or disseminating the terms of the settlement agreement either directly or indirectly, personally or through an agent.

The Plaintiff did object to the determination of any liquidated damages or costs, interest and attorneys fees until a trial on the merits.

## Conclusion

I therefore recommend that the motion for the Temporary Restraining Order and Preliminary Injunction be GRANTED and that the Plaintiff should be temporarily enjoined from disclosing, divulging or disseminating the terms of the Settlement with LaBarge, directly or indirectly, personally or through an agent.

The issue of liquidated damages, costs, interest and attorney fees should be reserved until a hearing on the merits.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE