**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

CYNTHIA RENEE MCKENZIE                                          PLAINTIFF

        v.               Civil No. 08-5019

LA BARGE, INC.

DEFENDANT

**O R D E R**

Now on this 21st day of August, 2008, come on for consideration the following:

\* defendant's **Motion for Leave to File Supplemental Pleading Setting Forth LaBarge, Inc.'s Counterclaim For Breach Of Settlement Agreement** (document #11);

\* **LaBarge, Inc.'s Motion for Temporary Restraining Order And Preliminary Injunction** (document #12);

\* the **Report And Recommendation** of the Magistrate Judge (document #17); and

\* plaintiff's **Motion To Dismiss** (document #18,

and from said documents, the responses thereto, and the arguments of counsel presented in a telephone conference on August 20, 2008, the Court finds and orders as follows:

1. In the telephone conference on August 20, 2008, defendant orally withdrew its Motion for Leave to File Supplemental Pleading Setting Forth LaBarge, Inc.'s Counterclaim For Breach Of Settlement Agreement. The Court accepted Defendant's withdrawal of this motion, and the motion will,

therefore, be denied as moot.

2.   Defendant requested that the Court enjoin plaintiff from disclosing the terms of the settlement agreement which was entered into by the parties on July 22, 2008.  Pursuant to the settlement agreement, the parties agreed to keep the terms of the settlement confidential.  According to defendant, plaintiff has violated this confidentiality agreement and disclosed the terms of the settlement to at least one co-worker.

The Magistrate Judge reported that plaintiff had no objection to the entry of a temporary restraining order, and recommended that such be entered.  However, both parties admit that the terms of the settlement are now known throughout the LaBarge workplace. The Court finds that injunctive relief would be futile, because the Court cannot protect the confidentiality of what is, at this point, public knowledge.  Moreover, both parties have represented to the Court that they will abide by the confidentiality requirements of the settlement agreement.  This, too, points to the futility of the proposed injunctive relief.

For these reasons, the Report And Recommendation of the Magistrate Judge will not be adopted, and LaBarge, Inc.'s Motion for Temporary Restraining Order And Preliminary Injunction will be denied.

3.   During the conference call, the parties discussed the terms of the settlement agreement.  The Court brought to the

parties' attention that the agreement states that "McKenzie agrees to voluntarily dismiss the Litigation with prejudice." <u>See</u> Doc. 13-3 at 6. Thus, as a term of the settlement, the parties have agreed to dismiss this case. Both parties represented to the Court that they wish for the settlement agreement to remain in force and effect, and neither has moved the Court to set aside their agreement. Accordingly, counsel for plaintiff stated that he would move to dismiss the matter forthwith. This motion has now been filed, and it will be granted.

**IT IS THEREFORE ORDERED** that defendant's **Motion for Leave to File Supplemental Pleading** (document #11) is **denied.**

**IT IS FURTHER ORDERED** that defendant's **Motion for Temporary Restraining Order** (document #12) is **denied.**

**IT IS FURTHER ORDERED** that the **Report And Recommendation** of the Magistrate Judge (document #17) is **not adopted.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Dismiss** (document #18) is **granted,** and this matter is hereby **dismissed with prejudice.**

**IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**